- REDACTED FOR PUBLIC FILING -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LOUIS VUITTON MALLETIER,<br><br>                Plaintiff,<br><br>- v. -<br><br>DOONEY & BOURKE, INC.,<br><br>                Defendant. | **ECF CASE**<br><br>04 Civ. 5316 (RMB) (MHD) |

**PLAINTIFF LOUIS VUITTON'S MOTION TO COMPEL NON-PARTY BROOKS BROTHERS TO COMPLY WITH A THIRD-PARTY SUBPOENA**

Steven Kimelman, Esq. (SK-8828)
Michael A. Grow, Esq. (MG-7642)
  (admitted *pro hac vice*)
Alison Arden Besunder, Esq. (AB-8772)
ARENT FOX PLLC
1675 Broadway
New York, New York 10019
(212) 484-3900 (telephone)
(212) 484-3990 (facsimile)

*Counsel to Plaintiff Louis Vuitton Malletier*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................ ii

I.  INTRODUCTION ....................................................................................... 1
II. BACKGROUND .......................................................................................... 1
   A. The Subpoena to Brooks Brothers ...................................................... 1
   B. Brooks Brothers' Refusal to Produce Responsive Documents ............ 3
      1. Brooks Brothers' Refusal to Produce Documents Responsive to Request No. 1 .......................................... 4
      2. Brooks Brothers' Refusal to Produce Documents Responsive to Request No. 2 .......................................... 4
   C. LV's Efforts to Secure Compliance .................................................... 5
III. ARGUMENT ............................................................................................... 5
   A. Standards of Review ........................................................................... 5
   B. Brooks Brothers' Objection to Relevance Is Not A Sufficient Basis for Its Refusal to Comply With the Subpoena ........................... 6
   C. Brooks Brothers Objection Based on "Commercial Sensitivity" Is Unjustified Because the Stipulated Protective Order in this Case Addresses Its Concerns .............................................................. 7
   D. There Is No Recognizable Privilege That Excuses Brooks Brothers' Non-Compliance With the Subpoena ................................. 7
   E. Brooks Brothers May Not Refuse to Comply with the Subpoena on Grounds of "Undue Burden" .......................................................... 9
IV. CONCLUSION .......................................................................................... 10

## TABLE OF AUTHORITIES

| Case | Page |
|---|---|
| *Am. High-Income Trust v. AlliedSignal Inc.*, 2006 WL 3545432 (S.D.N.Y. Dec. 8, 2006) | 9 |
| *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44 (S.D.N.Y. 1996) | 6, 9 |
| *In re Subpoena Issued to Dennis Friedman, Esq.*, 350 F.3d 65 (2d Cir. 2003) | 5, 7 |
| *Jones v. Hirschfeld*, 219 F.R.D. 71 (S.D.N.Y. 2003) | 6 |
| *Kirschner v. Klemons*, 2005 WL 1214330 (S.D.N.Y. May 19, 2005) | 9 |
| *MacNamara v. City of New York*, 2006 WL 3298911 (S.D.N.Y. Nov. 13, 2006) | 10 |
| *Smithkline Beckman Corp. v. Proctor & Gamble Co.*, 591 F. Supp. 1229 (N.D.N.Y. 1984) | 6 |
| *United States v. Int'l Bus. Mach. Corp.*, 83 F.R.D. 97 (S.D.N.Y. 1975) | 9 |
| *W.W.W. Pharmaceutical Co., Inc. v. Gillette Co.*, 808 F. Supp. 1013 (S.D.N.Y. 1992) | 6 |

**Federal Rules**

| | |
|---|---|
| Fed. R. Civ. P. Rule 26(b)(1) | 5, 6, 7 |
| Fed. R. Civ. P. Rule 45 | 1 |

I. **INTRODUCTION**

This motion seeks to compel non-party Brooks Brothers, Inc. to comply with a subpoena, served on October 26, 2006 pursuant to Rule 45 of the Federal Rules of Civil Procedure (the "Subpoena"), by Plaintiff Louis Vuitton Malletier ("Louis Vuitton" or "LV").[1] The Subpoena seeks documents relevant to the above-captioned litigation; it does not seek testimony. Brooks Brothers has refused to comply with the Subpoena.

II. **BACKGROUND**

　A. **The Subpoena to Brooks Brothers**

Brooks Brothers offered for sale a product -- an Alligator Billfold Briefcase -- bearing a counterfeit and infringing imitation of LV's "S-Lock" Trademark. (Besunder Decl. Ex. A). Brooks Brothers unauthorized use of LV's S-Lock Trademark came to light in connection with the document production of Defendant Dooney & Bourke, Inc. ("D&B") in this litigation, which revealed D&B's collaboration with Darby & Darby, P.C. ("Darby & Darby"). Darby & Darby is not only counsel to Burlington Coat Factory ("Burlington") (a company who is currently engaged in separately pending litigation with LV), but is *also* counsel to Boldrini Selleria, S.r.L. ("Boldrini"), the Italian company from whom D&B claims to have obtained the bags bearing a counterfeit imitation of LV's locks in this case). D&B produced its correspondence with Burlington's counsel after being ordered to do so by the Memorandum and Order of July 20, 2006, and the documents produced revealed D&B's collaboration with other companies about third-

---

[1] The subpoena was directed to "Brooks Brothers," but the objections were served by counsel for "Retail Brand Alliance, Inc." On information and belief, Retail Brand Alliance, Inc. is the parent company of Brooks Brothers and responded on behalf of itself and Brooks Brothers. *See, e.g.* Besunder Decl. Exs. B, D.

1

party use of LV's trademarks. (*See* Besunder Decl. Ex. F).[2]

D&B has asserted theories and arguments in this lawsuit that raise "third-party use" of LV's S-Lock Trademark to defend itself against LV's claims of infringement and dilution. D&B has relied on an alleged "third-party use" argument, apparently in the context of attempting to manufacture a defense that LV has not been harmed by D&B but rather by third-party users, to support its claims that (among other things) the LV S-Lock mark lacks secondary meaning or is not distinctive, to contend that third-party use of LV's trademark justifies D&B's sale of counterfeit imitations of the S-Lock mark. The documents produced by D&B in this litigation, combined with Brooks Brothers' carefully drafted Objections to the Subpoena, give rise to a strong indication that D&B is communicating with non-parties to this litigation in an attempt to manufacture support for its "third-party use" arguments while increasing LV's litigation costs, interfering with LV's ability to obtain discovery in this action, and interfering with LV's ability to enforce its existing trademark rights.

LV's Subpoena to Brooks Brothers therefore seeks relevant information because, as an unauthorized third-party user of LV's trademark, Brooks Brothers possesses information relevant to the arguments, claims and defenses raised by D&B in this lawsuit, including but not limited to (a) the identity of its supplier and (b) its collaboration with D&B and its counsel related to LV or the lawsuits currently pending

---

[2] The July 20 Memorandum and Order ordered D&B to produce "documents referring to or sconstituting communications between DB or its representatives and Burlington Coat Factor" to the extent that such documents "reflect discussions of LV or the distribution of the 24 DB products at issue." (Besunder Decl. Ex. F at 9).

2

between LV and D&B. The limited information sought by the Subpoena is relevant to, among other things, the supplier from whom Brooks Brothers obtained the counterfeit S-Lock lock it used on its bags, whether Brooks Brothers obtained the infringing product from the same supplier as D&B (Boldrini), and why Brooks Brothers purportedly stopped selling the product but refuses to acknowledge LV's legal rights in the S-Lock Trademark.[3]

The Subpoena is narrowly tailored to target two limited categories of relevant information in Brooks Brothers' possession:

> <u>Request No. 1</u>: All documents (including but not limited to correspondence and e-mails) concerning and identifying the manufacturer, designer, distributor, and/or supplier of the lock appearing on the "Alligator Billfold Briefcase" (Model #024F) shown on <u>Exhibit 1</u> attached hereto (or if no such documents exist concerning the lock, then concerning the Alligator Billfold Briefcase itself).
>
> <u>Request No. 2</u>: All documents (including but not limited to correspondence and e-mails) between and/or among Brooks Brothers, Dooney & Bourke, Inc., Peter Dooney, "Dooney & Bourke" entities, and/or their respective attorneys concerning (i) the lawsuits captioned <u>Louis Vuitton Malletier v. Dooney & Bourke, Inc.</u>, 04 Civ. 5316 and 04 Civ. 2990 currently pending in the United States District Court for the Southern District of New York; (ii) Louis Vuitton; and/or (iii) Louis Vuitton's products, designs, trademarks, or locks.[4]

(Besunder Decl. Ex. A).

### B. **Brooks Brothers' Refusal to Produce Responsive Documents**

LV has attempted to secure Brooks Brothers' compliance with the Subpoena, however, Brooks Brothers has adamantly refused to produce any documents in response

---

[3] Like D&B, Brooks Brothers claims to have "retrofitted" its bags with a new lock. However, Brooks Brothers refused to provide LV with any documentary proof evidencing its sales of the infringing product or to identify its supplier. Similarly, it refused to provide any letter of acknowledgment.

[4] Although the Subpoena seeks documents in <u>both</u> the S-Lock and Multicolore Litigations (04 Civ. 5316 and 04 Civ. 2990, respectively), the Subpoena itself was issued <u>only</u> in the S-Lock Litigation. Brooks Brothers has mistakenly captioned its Objections in response to both Litigations.

3

without any legal justification or basis. On November 9, 2006, "Retail Brand Alliance" issued a set of unfounded objections to the Subpoena (the "Objections"), none of which justify its refusal to produce responsive documents.

    1.    <u>Brooks Brothers' Refusal to Produce Documents Responsive to Request No. 1</u>

With respect to Request No. 1 seeking documents related to the supplier to Brooks Brothers of the infringing lock and/or the Alligator Billfold Briefcase bearing the infringing lock, Brooks Brothers' only objection is on grounds of relevance and on the grounds that the request seeks "confidential and/or sensitive commercial information." (Besunder Decl. Ex. B).[5] The "Confidentiality" objection is resolved because the Stipulated Protective Order in place in this action addresses Brooks Brothers' concerns, and does not excuse Brooks Brothers from its obligation to comply with a reasonable Subpoena and produce responsive documents about its supplier(s). (*Id.* Ex. E; *see also* Ex. F at p. 14, fn. 8 (requiring LV to identify its suppliers to D&B)). The "General Objections" to the Objections further state that "RBAI is unaware of any connection among its Alligator Billfold Briefcase and either Plaintiff or Defendant." (*Id.* Ex. B at p. 2). The Objection cautiously avoids stating whether Brooks Brothers obtained its product from Boldrini, D&B's supplier. (*Id.*). In any event, a finding of "relevance" is not so narrowly construed, and is not confined to a mere "connection [to] ... Plaintiff or Defendant." (*See* Besunder Decl. Ex. B).

    2.    <u>Brooks Brothers' Refusal to Produce Documents Responsive to Request No. 2</u>

With respect to Request No. 2, Brooks Brothers does not deny the existence of

---

[5] Although the Objections were made on behalf of "Retail Brand Alliance," subsequent correspondence references "Brooks Brothers' objections" and makes no reference to Retail Brand Alliance. Accordingly, we consider the Objections to have been made on behalf of Brooks Brothers.

4

responsive documents. Rather, Brooks Brothers' only objection to Request No. 2 is "that it seeks documents *that are subject to the attorney work product privilege or are otherwise privileged or protected from disclosure.*" Besunder Decl. Ex. B, p. 4 (emphasis added). As set forth below, Brooks Brothers has no basis for asserting the "work product" or any other privilege and this objection does not relieve Brooks Brothers of its obligation to comply with the Subpoena and produce documents that (by the nature of its objection) it admittedly has.

### C.    LV's Efforts to Secure Compliance

LV notified Brooks Brothers in writing that its objections were not a sufficient basis to refuse production, and explained its reasons for pursuing the Subpoena. (Besunder Decl. Ex. C). Brooks Brothers continued its obstinate refusal to comply, and simply reiterated its unjustifiable position that the Subpoena "is without any legal basis." (*Id.* Ex. D).

Because Brooks Brothers has wrongfully refused to comply with the Subpoena, LV respectfully asks the Court to compel Brooks Brothers to comply with the Subpoena and produce all responsive documents.

## III.   ARGUMENT

### A.    Standards of Review

A party may obtain discovery regarding "*any* matter, not privileged, that is relevant to the claim or defense of *any* party." *In re Subpoena Issued to Dennis Friedman, Esq.*, 350 F.3d 65, 69 (2d Cir. 2003) (emphasis in original) (quoting Fed. R. Civ. P. 26(b)(1)). This rule applies to third-parties who have received a subpoena. "Moreover, the rules generally do not place any initial burden on parties to justify their . . . discovery requests," even discovery requests against nonparties to the litigation. *Id.*; *see*

5

*also Jones v. Hirschfeld*, 219 F.R.D. 71, 74 (S.D.N.Y. 2003). Rather, the person or entity from whom discovery is sought bears the burden of persuading a court that the discovery is improper. *Id.* at 74-75; *see also Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 48 (S.D.N.Y. 1996) ("[T]he burden of persuasion in a motion to quash a subpoena issued in the course of civil litigation is borne by the movant.") (citations omitted).

### B.   Brooks Brothers' Objection to Relevance Is Not A Sufficient Basis for Its Refusal to Comply With the Subpoena

Brooks Brothers cannot meet the high standard necessary to avoid compliance with the subpoena. First, the evidence LV seeks is relevant to this litigation. Indeed, a third-party's use of a trademark is relevant to any lawsuit alleging trademark infringement and dilution, as are alleged here. *See, e.g., W.W.W. Pharmaceutical Co., Inc. v. Gillette Co.*, 808 F. Supp. 1013, 1023 (S.D.N.Y. 1992) (noting that "third-party use of a plaintiff's trademark in the marketplace is . . . relevant to a mark's distinctiveness in the marketplace"); *Smithkline Beckman Corp. v. Proctor & Gamble Co.*, 591 F. Supp. 1229, 1237 (N.D.N.Y. 1984) (stating that evidence of third-party use is relevant to show "the strength of the mark in the marketplace"). The relevance standard for discovery is very broad. *See* Fed. R. Civ. P. Rule 26(b)(1) ("Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party [...]. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.").

Given D&B's arguments regarding "third-party use," D&B likely intends to rely on this evidence at trial

6

against LV. LV is therefore entitled to discovery from Brooks Brothers because it is relevant to the arguments raised by D&B and its anticipated defenses and claims. LV is further entitled to the information to determine if the "S-Lock" used by Brooks Brothers on its bag is being sourced from the same place that D&B is sourcing its S-Locks, or if Brooks Brothers and D&B have otherwise collaborated to infringe and dilute LV's mark. Even if Brooks Brothers did not obtain its infringing locks or the bags themselves from Boldrini, the information is still relevant because it continues to bear on the issue of "third-party use" that D&B has raised. The information sought by the Subpoena is therefore clearly relevant to both LV's and D&B's claims and defenses and is subject to discovery and production. *See In re Friedman Subpoena*, 350 F.3d at 69; *see also* Fed. R. Civ. P. 26(b)(1).

### C. Brooks Brothers Objection Based on "Commercial Sensitivity" Is Unjustified Because the Stipulated Protective Order in this Case Addresses Its Concerns

Brooks Brothers' objections that the Subpoena seeks documents that contain sensitive business information or privileged communications are without merit and provide no basis for Brooks Brothers' refusal to comply with the Subpoena. The Stipulated Protective Order in this case addresses discovery of non-parties. (Besunder Decl. Ex. E). If documents responsive to the subpoena include confidential business information, the proper remedy is to produce them subject to a protective order, not withhold them from production. (*See Id.*; *id.* Ex. F).

### D. There Is No Recognizable Privilege That Excuses Brooks Brothers' Non-Compliance With The Subpoena

Brooks Brothers has claimed "attorney work product privilege" as its only objection to Request No. 2, seeking documents exchanged "between and/or among

7

Brooks Brothers, Dooney & Bourke, Inc., Peter Dooney, 'Dooney & Bourke' entities, and/or their respective attorneys" concerning Louis Vuitton, Louis Vuitton's products, designs, trademarks or locks, or the S-Lock and Multicolore Lawsuits. The objection proves the point -- that Brooks Brothers has responsive documents reflecting (among other things) communications with D&B and its counsel relating to LV, LV's S-Lock Trademark, or the S-Lock and Multicolore Litigations, all of which must be produced. *Id.* Exs. B, F. The only way that Brooks Brothers could even attempt to make an assertion privilege is if those communications were about LV or the S-Lock and Multicolore Litigations, and thus Brooks Brothers' "privilege" objection is an admission in and of itself that such communications and documents exist.

Brooks Brothers' "privilege" objection is further without basis because any privilege Brooks Brothers or Dooney & Bourke may conceivably have held would have been waived when they shared documents with the other. Similarly, there is no conceivable "work product" privilege that would extend between Dooney & Bourke (a defendant in the S-Lock Litigation) and Brooks Brothers (a Subpoenaed non-party) under the circumstances of this case. In short, Brooks Brothers' objection is misguided and without basis. Brooks Brothers may not hide behind the "attorney work product privilege" because no such privilege extends to communications between counsel in the positions of D&B, D&B's counsel, Brooks Brothers and Brooks Brothers' counsel under the circumstances presented here. Accordingly, Brooks Brothers may not avail itself of a non-existent privilege in order to shield itself from the obligations of the Subpoena.[6]

---

[6] Even assuming, *arguendo*, that any privilege were to exist, Brooks Brothers has not produced any privilege log identifying the documents it deems to be privileged and has therefore waived any right to that objection.

8

### E. Brooks Brothers May Not Refuse to Comply with the Subpoena on Grounds of "Undue Burden"

To the extent that Brooks Brothers objects to the Subpoena on the grounds of burden, its objections are unfounded. LV seeks two categories of documents. Whether a subpoena imposes an "undue burden" depends upon "such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." *Concord Boat Corp.*, 169 F.R.D. at 49 (quoting *United States v. Int'l Bus. Mach. Corp.*, 83 F.R.D. 97, 104 (S.D.N.Y. 1979)). The party seeking to quash, or otherwise avoid complying with, the subpoena "cannot merely assert that compliance . . . would be burdensome without setting forth the manner and extent of the burden and the probable negative consequences of insisting on compliance." *Kirschner v. Klemons*, No. 99 Civ. 4828(RCC), 2005 WL 1214330, at *2 (S.D.N.Y. May 19, 2005). Furthermore, "inconvenience alone will not justify an order to quash a subpoena that seeks potentially relevant [evidence]." *Id.* (citations omitted). Indeed, it is "exceedingly difficult to demonstrate an appropriate basis for an order barring the taking of [discovery]." *Am. High-Income Trust v. AlliedSignal Inc.*, No. 02 Civ. 2506 (LTS) (JCF), 2006 WL 3545432, at *2 (S.D.N.Y. Dec. 8, 2006).

The Subpoena sets forth narrowly tailored requests for (a) documents "concerning and identifying the manufacturer, designer, distributor, and/or supplier of the lock appearing on the 'Alligator Billfold Briefcase'", and (b) documents exchanged between Brooks Brothers and D&B regarding (1) this lawsuit, (2) the related "Multicolore" litigation, or (3) LV or its products, designs, trademarks or locks. Such narrow requests, which bear directly on arguments raised by D&B in this litigation, cannot reasonably be

9

deemed an "undue burden." *Cf. MacNamara v. City of New York*, No. 04 Civ. 9612 (KMK) (JCF), 2006 WL 3298911, at *16 (S.D.N.Y. Nov. 13, 2006) ("Given the fact that the subpoena requests a narrow set of specific relevant documents, generated over a seven-day period, and for which [the subpoenaed party] appears to be the only available source, compliance with the subpoena would not constitute an undue burden.").

### IV. CONCLUSION

For the foregoing reasons, Louis Vuitton respectfully requests the Court to issue an order directing Brooks Brothers to comply with the October 26, 2006 Subpoena.

Dated: New York, New York
       December 21, 2006

>                       Respectfully submitted,
>                       ARENT FOX PLLC
>
> By:     /s/Alison Arden Besunder
>         Steven Kimelman (SK-8828)
>         Michael A. Grow (MG-7642) (admitted *pro hac vice*)
>         Alison Arden Besunder (AB-8772)
>         1675 Broadway
>         New York, NY 10019
>         (212) 484-3900
>         Fax (212) 484-3990
>
>         *Counsel for Plaintiff Louis Vuitton Malletier*